The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BRENT FREI,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | CASE NO. 2:20-cv-01113-TSZ<br><br>AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.　General Principles.**

　　　1.　An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

　　　2.　The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND ORDER - 1
CASE NO. 2:20-cv-01113-TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

**B.    ESI Disclosures.**

Within 60 days after the Rule 26(f) conference, or at a later time if agreed to by the parties, each party shall disclose:

1.    <u>Custodians</u>.  The five custodians most likely to have discoverable ESI in their possession, custody or control.  The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.    <u>Non-custodial Data Sources</u>.  A list of non-custodial data sources (*e.g.*, shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.    <u>Third-Party Data Sources</u>.  A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.    <u>Inaccessible Data</u>.  A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.    Preservation of ESI.**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.  With respect to preservation of ESI, the parties agree as follows:

1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.    All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 2
CASE NO. 2:20-cv-01113-TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)–(2) below).

    3.    Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

        a.    Deleted, slack, fragmented, or other data only accessible by forensics.

        b.    Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

        c.    On-line access data such as temporary internet files, history, cache, cookies, and the like.

        d.    Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

        e.    Back-up data that are substantially duplicative of data that are more accessible elsewhere.

        f.    Server, system or network logs.

        g.    Data remaining from systems no longer in use that is unintelligible on the systems in use.

        h.    Electronic data (*e.g.*, email, calendars, contact data, and notes) sent to or from mobile devices (*e.g.*, iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.**    **Privilege.**

    1.    With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

    2.    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 3
CASE NO. 2:20-cv-01113-TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

3. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E.     ESI Discovery Procedures.**

1. <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology</u>. To the extent needed, the parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

   a. A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

   b. If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

   c. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 4
CASE NO. 2:20-cv-01113-TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, and similarly large file types.

        d.     The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

    3.    <u>Format</u>.  All electronically-stored information ("ESI") and scanned paper provided in response to these requests should be produced in a structured format including industry standard load files, Bates numbered image files, native files and searchable document-level text files.  PDFs are to be ~~in~~ produced as individual document PDFs in searchable, bates-numbered PDF format, as TIFFs, with a Concordance compatible load file (with companion text-delimited files ending with file extension DAT and OPT).  ESI that does not readily convert to PDF, including Excel spreadsheet and PowerPoint files, should be produced natively and assigned a single bates number.  Documents produced in searchable, bates-numbered PDF or TIFF format should be named to match the beginning Bates number associated with the file.  ESI produced in response to these requests should include the following metadata fields: bates start, bates end, doc type, custodian (and duplicate custodians), author, file name and size, original file path, date created, date modified and hash value.  In the case of email, in addition to the preceding metadata, please include: date sent and/or received author/from, recipient/to, cc, bee, title/subject, att_family field (or a field similar to this that links any attachments to the parent email).  For each document produced in response to these requests, please produce a corresponding load file containing docid and path (*i.e., ABCOOOOJ ,Prod OJ\Images\00\ABCOOOOJ.pdf*).  Please contact the undersigned attorneys if you have any concerns about appropriate format for the production of ESI.

    4.    <u>De-duplication</u>.  The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION AND
ORDER - 5
CASE NO. 2:20-cv-01113-TSZ

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2   DATED this 15th day of December, 2020.

3   SUMMIT LAW GROUP PLLC                       SOHA & LANG, P.S.

4   By *s/ Lawrence C. Locker*                  By *s/ Geoffrey C. Bedell*
    By *s/ Philip S. McCune*                        Geoffrey C. Bedell, WSBA #28837
5       Phillip McCune, WSBA #21081                 1325 Fourth Avenue, Suite 2000
        Lawrence C. Locker, WSBA #15819             Seattle, WA  98101-2570
6       315 Fifth Avenue S., Suite 1000             (206) 624-1800
        Seattle, WA  98104-2682                     *bedell@sohalang.com*
7       (206) 676-7000
        *philm@summitlaw.com*                   WILEY REIN, LLP
8       *larryl@summitlaw.com*
                                                By *s/ Daniel J. Standish*
9   ***Attorneys for Plaintiff Brent Frei***    By *s/ Matthew W. Beato*
                                                    Daniel J. Standish (*pro hac vice*)
10                                                  Matthew W. Beato (*pro hac vice*)
                                                    1776 K Street
11                                                  Washington, DC  20006
                                                    (202) 719-7130
12                                                  (202) 719-7518
                                                    *dstandish@wiley.law*
13                                                  *mbeato@wiley.law*

14                                              ***Attorneys for Defendant Federal Insurance Company***

15

16                                  **ORDER**

17   Pursuant to the stipulation, IT IS SO ORDERED.

18   DATED this 16th day of December, 2020.

19

20                                              _____

21                                              Thomas S. Zilly
                                                United States District Judge
22

23

24

25

26

AGREEMENT REGARDING DISCOVERY OF                        SUMMIT LAW GROUP, PLLC
ELECTRONICALLY STORED INFORMATION AND                   315 FIFTH AVENUE SOUTH, SUITE 1000
ORDER - 6                                               SEATTLE, WASHINGTON 98104-2682
CASE NO. 2:20-cv-01113-TSZ                              Telephone:  (206) 676-7000
                                                        Fax:  (206) 676-7001